UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TELECOM BROKERAGE, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 13-12416-LTS |
| GRYPHONE TELECOM CONSULTANTS, LLC and DOES 1-10, | ) |
| Defendants. | ) |

ORDER ON PLAINTIFF'S MOTION TO STRIKE

January 30, 2014

SOROKIN, C.M.J.

Plaintiff sued Defendant alleging breach of contract, related contract and common law claims, and a violation of Chapter 93A. Defendant answered the complaint and alleged breach of contract, related contract and common law claims, and a violation of Chapter 93A. Plaintiff moves, in one motion, to strike the affirmative defenses and for a more definite statement regarding the counterclaims.

I.   DISCUSSION

Affirmative Defense #2, Doc. No. 7 at 10-11, asserts Rule 11 as a defense. Rule 11 is not an affirmative defense to the claims of liability. It is a rule of civil procedure with its own set of procedures. Defendant cites no case holding (or even suggesting) that Rule 11 is an affirmative defense and the Court's own research of case law within the First Circuit finds no such case. At least one Court has rejected Defendant's approach. See Yash Raj Films (USA) Inc. v. Atl.

Video, No. 03 C 7069, 2004 WL 1200184, at *3 (N.D. Ill. May 28, 2004).  The Court will strike this affirmative defense.

With respect to Affirmative Defenses ##14 and 15, Doc. No. 7 at 11, Plaintiff contends that it cannot have engaged in "cramming" or "slamming" as a matter of law or fact, and therefore, the Court should strike the assertion of these two grounds as an affirmative defense.  Plaintiff has not submitted any evidence supporting its factual assertions that it could not engage in cramming or slamming.  See D. Mass. L.R. 7.1 (requiring moving parties to submit affidavits or other evidence in support of factual assertions).  Despite Plaintiff's factually unsupported argument, Defendant contends that (1) the parties' contract prohibited Plaintiff from engaging in cramming or slamming, Doc. No. 12-1 at 8; (2) Defendant believes that Plaintiff had online access to Verizon's computer system, Doc. No. 15-1, ¶ 12, contradicting Plaintiff's unsworn factual assertions, see Doc. No. 12 at 3.  Plaintiff has plainly failed to establish that the Court should strike these two affirmative defenses.  Moreover, the parties' dispute over this issue does not appear amenable on the pleadings before the Court.

Plaintiff also seeks to strike Affirmative Defenses ##5 (waiver), 6 (unclean hands), 8, 9 (estoppel), and 10 (laches), each as being merely a "bare reference to a legal doctrine, without any factual support."  Doc. No. 12 at 11.  In responding to a pleading, however, a party need only "affirmatively state any avoidance or affirmative defense[.]"  Fed. R. Civ. P. 8(c).  Plaintiff cites to Yash Raj Films, from the Federal District of Illinois, to argue that equitable defenses such as waiver, estoppel, laches, and unclean hands, must "be pled with the specific elements required to establish the defense."  2004 WL 1200184, at *3.  Plaintiff cites no case law, however, to indicate or suggest that this is the rule in the First Circuit.  Rather, the First Circuit has stated that "Rule 8(c) is designed to provide plaintiffs with adequate notice of a defendant's

intention to litigate an affirmative defense, thereby affording an opportunity to develop any evidence and offer responsive arguments relating to the defense." Davignon v. Clemmey, 322 F.3d 1, 15 (1st Cir. 2003).

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Courts do not, however, view motions to strike affirmative defenses for legal insufficiency under Rule 12(f) favorably." Bio-Vita, Ltd. v. Rausch, 759 F. Supp. 33, 39 (D. Mass. 1991) (citing Bennett v. Spoor Behrins Campbell & Young, Inc., 124 F.R.D. 562, 563 (S.D.N.Y.1989)). "As the court stated in Bennett, 'The general policy is that the pleadings should be treated liberally, and that a party should have the opportunity to support his contentions at trial.'" Id. (quoting Bennett, at 563). Affirmative Defenses ##5, 6, and 8-10, comport with pleading practice in the First Circuit, and therefore, the Court will not strike them.

Regarding the request for a more definite statement, the Court has reviewed the Counterclaims and finds that the Counterclaims amply suffice under the rules of notice pleading.

II.     CONCLUSION

Accordingly, the Plaintiff's Motion is ALLOWED with respect to Affirmative Defense #2 asserted by Defendant in its Answer and Counterclaims (Doc. No. 7) and the Motion is DENIED IN ALL OTHER RESPECTS.[1] Plaintiff shall respond to the Counterclaims within ten days. Plaintiff's Motion for Leave to File a Reply (Doc. No. 16) is ALLOWED. Defendant's

---

[1] In the event of a motion under Rule 11, no waiver shall occur from the omission of Rule 11 from the list of affirmative defenses to the Complaint.

opposition (Doc. No. 15) to Plaintiff's Motion to Strike was docketed as a pending motion and, accordingly, the Clerk shall terminate that motion.

SO ORDERED.

    /s / Leo T. Sorokin
Leo T. Sorokin
Chief United States Magistrate Judge